672 So.2d 1109 (1996)
David RICE
v.
ABC INSURANCE COMPANY and Fairgrounds Corporation.
No. 95-CA-2008.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1996.
Writ Denied June 7, 1996.
*1110 Manard & Buck, Frank M. Buck, Jr. and Robert L. Manard, New Orleans, for plaintiff-appellee David Rice.
Montgomery, Barnett, Brown, Read, Hammond & Mintz, James B. Irwin V, and Richard E. McCormack, New Orleans, for defendants-appellants ABC Insurance Company and Fairgrounds Corporation.
Before KLEES, BYRNES and MURRAY, JJ.
KLEES, Judge.
Defendants/appellants ABC Insurance Company (ABC) and Fairgrounds Corporation (Fairgrounds) appeal the trial court's judgment in favor of plaintiff/appellee David *1111 Rice. Mr. Rice sued ABC and Fairgrounds as a result of injuries sustained after being thrown from the horse he was exercising on the Fairground's track. The matter came for trial by jury on January 17, 1995. On January 23, the jury rendered a verdict in favor of the plaintiff, in the amount of $792,800. The judgment included $300,000 in general damages, $60,000 in past and future medical expenses, and $432,000 in loss of income and diminished earning capacity. On February 8, 1995, the defendant filed a Motion for Judgment Notwithstanding the Verdict and a Motion for a New Trial. The motions were denied on March 14, 1995 and this appeal followed.
On Wednesday, November 25, 1992, David Rice was exercising a horse on the Fairgrounds track. As he was coming down the home stretch, two Fairgrounds employees, Lamica Esteen and Sonya McShane, were crossing the track carrying large boxes. The plaintiff testified that as he approached the finish line at a speed estimated at 30 mph, the employees threw their boxes over the inside rail and ducked under it to get out of his path. His horse stopped suddenly causing him to be thrown from the horse.
After the accident, David Rice was able to walk his horse to the barn and then went to Mercy Hospital where he was evaluated. He returned to the Fairgrounds the next day and attempted to ride with some difficulty. He consulted an attorney who gave him the names of several doctors. He then went to see Dr. Stewart Altman who conducted a physical examination and made an initial diagnosis. Mr. Rice then went to Dr. John Watermeier, an orthopedist, who diagnosed him with sprains to the muscles and ligaments of the neck and back, and with injury to the disc with nerve impingement in the neck and lower back. David Rice underwent cervical surgery in April, 1993. After May 10, 1993, Mr. Rice was treated by Dr. John Dwyer, an orthopedic surgeon in Chicago. Both Mr. Dwyer and Dr. Watermeier testified that Mr. Rice will never be able to ride horses again. Further, Dr. Watermeier testified that Mr. Rice had 15% whole body impairment as a result of the neck and back injuries and that he should be permanently restricted to light duty.
The jury heard testimony of Mr. Bobby Roberts, a certified vocational specialist that the best Mr. Rice could hope to achieve vocationally would be the types of jobs that pay $4.25-$5.00 per hour. At the time of the accident, he was making close to $25,000. Plaintiff called an economist who used these figures to calculate past and future lost wages as a result of the accident. The final figure he arrived at was $435,745.00. The jury awarded $432,800.00 for these damages.
The plaintiff in a negligence action bears the burden of establishing his claim to a legal certainty by a preponderance of the evidence. An essential element of negligence is that the defendant's substandard conduct be the cause in fact of the plaintiff's injuries. Wilson v. State Through Dept. of Public Safety and Corrections, 576 So.2d 490 (La. 1991). Defendant/Appellant urges that the plaintiff did not meet this burden of proving causation. In Pool v. Missouri Pacific R. Co., 541 So.2d 969, 973 (La.App. 2d Cir.1989), writ denied, 543 So.2d 10 (La.1989), the court noted that a preponderance meant that the evidence must be more convincing than that offered against it. However, the court also noted that questions of witness credibility are left for the trier of fact and must be affirmed unless they are clearly wrong. Id. at 973. In the present case, the trier of fact heard conflicting testimony and decided which witnesses to believe and which to ignore. Defendant/Appellant has not shown that the trial court committed manifest error. Therefore, we will not disturb this finding.
The Defendant/Appellant argues that the plaintiff did not meet its burden of proving causation by a preponderance of the evidence because they relied solely on circumstantial evidence. Pool v. Missouri Pacific R. Co., 541 So.2d at 974 requires that when only circumstantial evidence is used, that evidence must exclude every other reasonable explanation for what happened other than the fact sought to be proved. However, the evidence in the present case was in the form of direct testimony of witnesses, and is not circumstantial. In a negligence action, the plaintiff does not have to conclusively *1112 exclude all other possible explanations, but rather must prove that the action of the defendant was more probably than not the cause of the plaintiff's injury. Cangelosi v. Our Lady of Lake Regional Medical Center, 564 So.2d 654, 664 (La.1989). There were enough facts in the present case for a reasonable fact finder to conclude that the action of Fairgrounds' employees caused the plaintiff's injuries.
To recover future medical expenses a plaintiff must prove that such expenses will be necessary by a preponderance of the evidence. Pitre v. Louisiana Tech. University, 26,388 (La.App. 2 Cir. 5/10/95), 655 So.2d 659, 671; writ granted by 95-1466 (La. 10/6/95) 661 So.2d 454. However, when the need for future medical care has been established, but the cost is uncertain, a reasonable award may be made. Guillory v. Avondale Shipyards, Inc., 448 So.2d 1281, 1287 (La.1984). Considering that past medical expenses totalled $31,811.02 in the present case and considering the testimony of both Dr. Dwyer and Dr. Watermeier that Mr. Rice would need medical care for the rest of his life, the jury's award of $28,188.98 was not an abuse of discretion.
As to the jury's award of $432,800.00 for loss of earning capacity, the plaintiff presented undisputed expert testimony regarding David Rice's future earning potential. The Defendant/Appellant cannot dispute that evidence for the first time before this court. The jury award was less than that suggested by plaintiff's economist, Dr. Wolfson. We find no error in that award. With respect to the general damage award of $300,000.00, the trial court is in the best position to decide what is an appropriate award. The role of the appellate court is not to decide what is an appropriate award, but rather to review the discretion of the trial court. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994), the appellate court may only resort to looking at past rewards if it finds that the trial court clearly abused its discretion. In the present case, the jury was in a position to hear the description of the accident and of the pain and suffering of David Rice. Therefore, we will not disturb that award.
Accordingly, we affirm the judgment of the trial court granting damages in the amount of $792,800.00 together with legal interest from the date of judicial demand until paid, plus costs.
AFFIRMED.